KONSTANTINE A. KONOPISOS AND WIFE, ARLENE M. KONOPISOS, PLAINTIFFS v. M. RANDOLPH PHILLIPS, ANNA BOYCE PHILLIPS, PHILIP A. TEMPLETON, DWIGHT CRITCHER, VIRGINIA G. CRITCHER, FRED T. GREER AND THE NORTHWESTERN BANK, DEFENDANTS

No. 7623DC159

(Filed 21 July 1976)

Vendor and Purchaser § 11— interstate land sale — absence of disclosure filing and property report — rights of assignees of purchasers

Assignees of the purchasers of land subject to the Interstate Land Sales Full Disclosure Act are not entitled to rescind the sale to the purchasers on the ground that the sellers failed to file certain disclosure information with the Dept. of Housing and Urban Development and failed to give the purchasers a property report since protection of the Act applies only to those who have bought from the developers of the land. 15 U.S.C.A. §§ 1701, 1703 and 1709.

APPEAL by plaintiff from *Osborne, Judge.* Judgment entered 22 December 1975 in District Court, ASHE County. Heard in the Court of Appeals 27 May 1976.

In a complaint filed 23 July 1975, the plaintiffs alleged that defendants entered into a contract for the sale of certain tracts of land to Dean A. Konopisos and wife, Anne M. Konopisos, and that the transaction ". . . constituted an interstate land sale as defined under 15 USCA Secs. 1701 through 1720." The plaintiffs further alleged that ". . . the sellers did not comply with said Interstate Land Sales Full Disclsoure Act in that the sellers did not file with the Office of Interstate Land Sales

Registration of the Department of Housing and Urban Development either Statement of Record or an exemption and in that the sellers failed to give to the purchasers a property report as required by 15 USCA Sec. 1703." More specifically, the plaintiffs, who purportedly obtained all rights and interest in the transaction from a 16 August 1974 assignment, maintained that ". . . on or about May 5, 1975, the Office of Interstate Land Sales Registration of the Department of Housing and Urban Development did hold a hearing regarding violations of the Interstate Land Sales Full Disclosure Act . . . and did determine that all lot sales at Trojan Horse Picnic Area subsequent to January 27, 1972, are and have been subject to the jurisdiction of the Act, and that all lot sales covered by the Act since March 31, 1972, were made in violation of the Act and may be voidable at the purchaser's option." Finally, the plaintiffs alleged that defendants have refused to return certain payments pursuant to a "Notice of Rescission" and to void and cancel a note. Based on the foregoing, the plaintiffs prayed for restitution and a judgment setting the purported "Land Sale Contract" and "note" aside.

The defendants denied the plaintiff's substantive allegations in their respective answers.

Both plaintiff and individual defendants subsequently moved for summary judgment. Plaintiffs' motion and supporting documentation basically covered the same points noted in their complaint. In pertinent part the individual defendant's motion provided that:

"(2) Lot sales at Trojan Horse Picnic Area subsequent to 27 January 1972 are subject to the provisions of the Interstate Land Sales Full Disclosure Act and lot sales by the individual defendants between 31 March 1972 and 21 May 1975 were made in violation of the Act.

(3) The Office of Interstate Land Sales Registration has required the individual defendants to send notification-of-right-of-rescission to those purchasers whose rights under the Act have been violated by the individual defendants. The individual defendants are not, however, required to notify those purchasers who have resold or transferred their interest in the property and can no longer reconvey the property to the individual defendants.

(4) The individual defendants have never sold any land to the plaintiffs and have never acted as an agent for any person, persons, or corporation in selling any land to the plaintiffs.

(5) The Interstate Land Sales Registration Act has no jurisdiction over lot sales by individual purchasers. The protections granted to purchasers by this Act extend only to those who have bought property in the Trojan Horse Picnic Area from the individual defendants. (Individuals Defendants' Exhibits C and D.)

(6) There is no genuine issue as to any material fact, and the individual defendants are entitled to a judgment as a matter of law."

Defendants also presented supporting documentation.

From summary judgment for apparently all defendants, plaintiffs appealed.

Other facts necessary for decision are set out below.

*Charlotte S. Bennett and George G. Cunningham for plaintiff appellants.*

*Vannoy & Reeves, by Wade E. Vannoy, Jr., and Jimmy D. Reeves, for the individual defendants.*

MORRIS, Judge.

Plaintiff appellants contend that the trial court erred in granting the defendant sellers' motion for summary judgment. We find no merit to this contention.

On 1 December 1973, Mr. and Mrs. Dean A. Konopisos signed a purported land sale contract for the purchase from the defendant sellers of the particular land in question. Subsequently, the purchasers "assigned" their rights to the plaintiffs. More specifically, that "Assignment" provided that

"We, Dean A. Konopisos and Anne M. Konopisos, second parties of the within contract for the purchase of Tracts 55, 66, 60, 61, 78, 96 and 97 of the Trojan Horse Picnic Area located in Ashe County, North Carolina, as shown in the attached copy of said contract, for and in consideration of ONE DOLLAR ($1.00) and other good and valuable consideration, the receipt whereof is hereby acknowledged,

do hereby sell, assign, and transfer to KONSTANTINE A. KONOPISOS and ARLENE M. KONOPISOS all our right, title, and interest in and to said contract, including all rights of action or otherwise to us accrued or hereafter to accrue thereunder."

Notwithstanding the broad language of the agreement, the plaintiffs have no standing to sue. Under the Interstate Land Sales Full Disclosure Act the defendant sellers were required to file and register certain disclosure documentation with the government and provide related information to their purchasers. Their failure to so file subjected them to suit by their buyers, Dean Konopisos and Anne M. Konopisos, but not by these plaintiffs. See: 15 U.S.C.A., §§ 1701, 1703, and 1709.

The pertinent portions of these statutes are as follows:

"§ 1701. Definitions

\*     \*     \*

(2) 'person' means an individual, or an unincorporated organization, partnership, association, corporation, trust, or estate;".

"§ 1703. Prohibitions relating to sale or lease of lots in subdivisions; voidability of contracts or agreements

(a) It shall be unlawful for any developer or agent, directly or indirectly, to make use of any means or instruments of transportation or communication in interstate commerce, or the mails—

> (1) to sell or lease any lot in any subdivision *unless a statement of record with respect to such lot is in effect in accordance with § 1706 of this title and a printed property report, meeting the requirements of § 1707 of this title, is furnished to the purchaser* in advance of the signing of any contract or agreement for sale or lease by the *purchaser;* . . .

>> (b) Any contract or agreement for the purchase or leasing of a lot in a subdivision covered by this chapter, where the property report has not been given to the purchaser in advance or at the time of his signing, shall be voidable at the option of the purchaser. A purchaser may revoke such contract or agreement until midnight of the third

> business day following the consummation of the transaction, where he has received the property report less than forty-eight hours before he signed the contract or agreement, and the contract or agreement shall so provide." (Emphasis supplied.)

A review of the operative provision supports our conclusion. Stated simply, this Act was designed to protect *purchasers* of real property and to fulfill that goal the Act establishes rigorous disclosure provisions and requirements. The logical beneficiary and recipient of this information is the seller's buyer and not the buyer's assignee; the latter having never dealt with the seller in the first place.

With this interpretation in mind, we note that 15 U.S.C.A., § 1701(9) provides that a " 'purchaser' means an actual or prospective purchaser or lessee of any lot in a subdivision. . . ." Had Congress, intended to extend "purchasers" to include assignees it would have so done. However, no such extension appears in this definitional section and the admittedly rather narrow range of covered "purchasers" harmonizes with the overall purpose of that Act; to wit, disclosure of all material facts to buyers from the actual developers of the site.

The judgment of the trial court is

Affirmed.

Chief Judge BROCK and Judge BRITT concur.